IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES BROWDER, in his individual
capacity and as Personal Representative
of The Estate of ASHLEY BROWDER,
LINDSAY BROWDER, and DONNA
BROWDER

        Plaintiffs,

v.                                                                        No. CIV 13-0599 RB/KBM

CITY OF ALBUQUERQUE, and ADAM
CASAUS in his individual capacity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant City of Albuquerque's First Motion for Partial Summary Judgment as to Counts I, II, III, and IV of Plaintiffs' Complaint, and Memorandum in Support, filed on February 8, 2016. (Doc. 150.) Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court will **DENY** Defendant's motion.

**I.**      **Procedural History and Statement of Facts[1]**

This case arises from a tragic traffic accident that occurred on February 10, 2013, when Defendant Casaus's police vehicle collided with Plaintiff Lindsay Browder's vehicle. Lindsay was severely injured, and her sister, Ashley Browder, was killed in the collision. After a criminal trial, Defendant Casaus was convicted of two counts of Careless Driving. At issue in this motion is whether Plaintiffs are precluded from seeking relief on certain issues that Defendant City of Albuquerque (the City) asserts were decided at the first trial.

---

[1] The Court recites only those facts and that portion of the procedural history pertinent to this motion.

A deputy district attorney for the Second Judicial District Attorney's Office filed a Criminal Information against Defendant Casaus on April 9, 2013, charging him with Homicide by Vehicle (Reckless) against Ashley Browder and Great Bodily Injury by Vehicle (Reckless) against Lindsay Browder in the operation of a motor vehicle. (Doc. 150 ¶¶ 1–2.) Defendant Casaus was bound over for trial on April 9, 2013. (*Id.* at ¶ 3.) Plaintiffs filed their civil complaint in state court on May 15, 2013. (*See* Doc. 1.) Plaintiffs bring claims pursuant to 42 U.S.C. § 1983, alleging that Defendant Casaus violated Lindsay and Ashley Browders' constitutional rights when he drove in a dangerous and unlawful manner without a valid law enforcement justification (Count I); the City negligently supervised and/or retained Casaus (Count III); and claims against Defendant Casaus and the City under the New Mexico Tort Claims Act (Count IV).[2] (Doc. 1, Ex. A (Compl.) at ¶¶ 77–92, 118–35.) Defendants removed the case to this Court on June 28, 2013. (Doc. 1 at 1.)

Counsel for Plaintiffs in the civil action provided the prosecutors with a courtesy copy of a video of Defendant Casaus, as well as a brief outlining the potential admissibility of the video; the prosecutors did not use either at trial. (Docs. 150 ¶ 11; 162 ¶ 11.) During the criminal trial in September 2014, the prosecution argued that Defendant Casaus was reckless and should be convicted of two felonies. (Doc. 150 ¶ 13.) The jury did not find Defendant Casaus guilty of the felonies; instead, it found him guilty of two counts of Careless Driving, a lesser included offense as charged in the Criminal Information. (*Id.* at ¶¶ 14–15.) During the sentencing hearing, the prosecutor advocated that, in addition to the sentence imposed, Defendant Casaus be obligated to pay restitution to the Browder family. (*Id.* at ¶ 16.) Defendant Casaus was ultimately sentenced to serve 90 days in the Metropolitan Detention Center and to pay a $300 fine to the Browder family.

---

[2] The Court granted the parties' Joint Motion to Dismiss Count II and the Negligent Hiring and Training Claim in Count III of Plaintiffs' Complaint. (Docs. 213, 216.)

(*Id.* at ¶ 17, Ex. K.) Neither Defendant Casaus nor the district attorney appealed the conviction. (Doc. 150 ¶ 18; Doc. 162 ¶ 18.) The Browder family had no input into the prosecutor's request for restitution, nor did they have any input into the District Attorney's later decision not to appeal the conviction. (Doc. 162 ¶¶ 16, 18.)

II.     **The Law on Res Judicata and Collateral Estoppel**

"Congress has directed federal courts to look principally to *state* law in deciding what effect to give state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). The Court will look to New Mexico law to determine whether Plaintiffs' claims are precluded by either res judicata or collateral estoppel.

   A.     **Res Judicata**

Under New Mexico law, res judicata, otherwise known as claim preclusion, "bars a subsequent lawsuit if four elements are met: '1) the parties must be the same or in privity; 2) the subject matter must be identical; 3) the capacity or character of persons for or against whom the claim is made must be the same; and 4) the same cause of action must be involved in both suits.'" *Deflon v. Sawyers*, 137 P.3d 577, 580 (N.M. 2006) (quoting *Myers v. Olson*, 676 P.2d 822, 824 (N.M. 1984) (internal citations omitted)). The purpose of res judicata is to prevent "a party or its privies from repeatedly suing another for the same cause of action." *Id.* at 579 (citation omitted). Defendant City of Albuquerque will have "the burden of establishing res judicata." *Anaya v. City of Albuquerque*, 924 P.2d 735, 737 (N.M. Ct. App. 1996) (citation omitted)).

   B.     **Collateral Estoppel**

"Like res judicata, collateral estoppel promotes judicial economy and protects parties from endless relitigation." *Deflon*, 137 P.3d at 582 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (internal citation omitted)). "Unlike res judicata, collateral estoppel 'does not require

3

that both suits be based on the same cause of action.'" *Id.* (quoting *Adams v. United Steelworkers of Am., AFL-CIO*, 640 P.2d 475, 479 (N.M. 1982) (internal citations omitted)). The purpose of collateral estoppel, also called issue preclusion, "is to aid in the finality of judgments by preventing parties from endlessly relitigating the same issues under the guise of different causes of action." *Edwards v. First Fed. Sav. & Loan Ass'n of Clovis*, 696 P.2d 484, 487–88 (N.M. Ct. App. 1985) (quoting *Adams*, 640 P.2d at 479). The party asserting collateral estoppel must prove four elements. *Reeves v. Wimberly*, 755 P.2d 75, 79 (N.M. Ct. App. 1988) (citations omitted). First, "the party against whom collateral estoppel is asserted must be the same party or be in privity with the party to the original action;" second, "the subject matter or the cause of action in the two suits must be different;" third, "the ultimate facts or issues must have been actually litigated; and" fourth, "the issue must have been necessarily determined." *State v. Bishop*, 832 P.2d 793, 795 (N.M. Ct. App. 1992) (citing *Reeves*, 755 P.2d at 77 (internal citations omitted)). Even if the party can establish all four elements, the district court has discretion to determine whether applying collateral estoppel would be fundamentally unfair. *Reeves*, 755 P.2d at 78. "Fundamental fairness requires that the party against whom collateral estoppel is asserted be given a full and fair opportunity to litigate." *State v. Silva*, 745 P.2d 380, 383 (N.M. 1987).

### III.   Discussion

#### A.   The doctrine of res judicata does not bar Plaintiffs' claims.

The City has not established that res judicata bars the Plaintiffs' claims. Plaintiffs were not in privity with the State during the criminal prosecution. "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1174 (10th Cir. 1979) (citations omitted) (*quoted in Deflon*,

137 P.2d at 580). "[P]arties have been found in privity where they represent the same legal right or where they have a 'mutual or successive relationship to the same rights of property.'" *Deflon*, 137 P.2d at 580 (quoting *St. Louis Baptist Temple, Inc.*, 605 F.2d at 1175 (internal citation omitted)).

"Privity has been held to exist in the following relationships: concurrent relationship to the same property right (i.e. trustee and beneficiary); successive relationship to the same property or right (i.e. seller or buyer); or representation of the interests of the same person." *Id.* (quoting *Lowell Staats Mining Co., Inc. v. Phila. Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989) (internal citation omitted)). In a criminal trial, "[t]he district attorney is elected by voters to make prosecutorial decisions in the best interests of the people of the state." *State v. Torres*, No. 30,139, 2011 WL 2041584, at *3 (N.M. Ct. App. Feb. 10, 2011) (citing *State v. Brule*, 981 P.2d 782, 787 (N.M. 1999) (internal citation omitted)). One of a plaintiff's main interests in a civil lawsuit is to be compensated or be made whole (as much as is possible); this interest remains unfulfilled after a criminal trial. There is no privity between Plaintiffs, who are seeking compensation in this civil lawsuit, and the State, who was serving the interests of the people of New Mexico in Defendant Casaus's earlier criminal trial.[3] The City's argument that Plaintiffs received a $300 fine from Defendant Casaus as court-ordered restitution is unavailing.

"Res judicata is a judicially created doctrine designed to promote efficiency and finality by giving a litigant only one full and fair opportunity to litigate a claim and by precluding any later claim that could have, and should have, been brought as part of the earlier proceeding." *Potter v.*

---

[3] Federal law is very clear on this issue. Because claim preclusion requires privity, federal law dictates that "[c]laim preclusion does not . . . 'extend from criminal prosecutions to civil actions.'" *McGrath v. City of Albuquerque*, No. CIV 14-0504 JB/SCY, 2015 WL 4997153, at *18 (D.N.M. July 31, 2015) (quoting 5 Charles Alan Wright et al., Fed. Practice & Procedure: Civil § 4474, at 420 (3d ed. 2014)).

*Pierce*, 342 P.3d 54, 55 (N.M. 2015). Plaintiffs could not have brought their claims against either Defendant as part of the earlier criminal case. Consequently, res judicata does not bar Plaintiffs' civil lawsuit.

      **B.**      **The doctrine of collateral estoppel does not bar Plaintiffs' claims.**

The City cannot bar Plaintiffs' claims using the doctrine of collateral estoppel for substantially the same reason that res judicata does not apply: Plaintiffs are not in privity with the State of New Mexico. *See Edwards*, 696 P.2d at 489 (citations omitted). In *Northrip v. Conner*, for example, the New Mexico Supreme Court found that where a defendant "had earlier been found innocent . . . of the criminal charge of assault and battery[,]" collateral estoppel did not apply to a later civil trial on the plaintiff's complaint for assault and battery. 754 P.2d 516, 519 (N.M. 1988). "The parties in the criminal case on the one hand and in the civil suit on the other were not the same, and the subject matter of the civil suit is different from that of the criminal case." *Id.*

Finally, the Court finds that applying either claim or issue preclusion to Plaintiffs' claims would be fundamentally unfair for three reasons. First, Plaintiffs did not have a full and fair opportunity to litigate their claims in Defendant Casaus's criminal trial. *See Silva*, 745 P.2d at 383. The mere fact that Plaintiffs' counsel gave the prosecutor a courtesy copy of a video and a brief on how the video might be used in the criminal trial does not begin to resolve Plaintiffs' claims. Second, Plaintiffs did not receive the compensation from the criminal trial that they seek in their civil lawsuit. The $300 Defendant Casaus paid to the Browder family in restitution is likely not even close to the money they have spent on medical bills and a funeral, not to mention the losses they suffered that cannot be healed with a damages award.

Finally, the Court recognizes that the jury in the criminal trial made findings on whether Defendant Casaus's conduct was reckless, and the jury in the civil trial will have an opportunity

to hear similar evidence and also to determine whether he acted recklessly. But, notably, the standard of proof to convict Casaus in his criminal trial was higher than the standard of proof a jury will use to find him liable in a civil trial. In his criminal trial, the jury was required to find him guilty beyond a reasonable doubt. (*See* Doc. 162 at 6.) New Mexico defines a reasonable doubt as one "based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in the graver and more important affairs of life." UJI 14-5060 N.M.R. Ann., *cited in State v. Garcia*, 116 P.3d 72, 75 (N.M. 2005). In a civil trial, the jury will consider whether Defendant Casaus was reckless using a preponderance of the evidence standard,[4] also known as a "greater weight of the evidence" standard. In New Mexico, "[t]o prove by the greater weight of the evidence means to establish that something is more likely true than not true." UJI 13-304. The jury in Defendant Casaus's criminal trial may or may not have found him guilty under this lesser standard.

## IV.   Conclusion

The City has not met its burden to show that Plaintiffs' claims are barred under the doctrines of res judicata or collateral estoppel. The Court finds that the City's motion is not well-taken and will deny it in full.

---

[4] This Court's civil stock jury instructions state that "[a] 'preponderance of the evidence' simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true."

**THEREFORE,**

**IT IS ORDERED** that Defendant City of Albuquerque's First Motion for Partial Summary Judgment as to Counts I, II, III, and IV of Plaintiffs' Complaint, and Memorandum in Support (Doc. 150) is **DENIED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**