IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES BROWDER, in his individual
capacity and as Personal Representative
of The Estate of ASHLEY BROWDER,
LINDSAY BROWDER, and DONNA
BROWDER

        Plaintiffs,

v.                                                                                       No. CIV 13-0599 RB/KBM

CITY OF ALBUQUERQUE, and ADAM
CASAUS in his individual capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant City of Albuquerque's Rule 60 Motion for Relief from a Judgment or Order, and Memorandum in Support, filed on April 22, 2016. (Doc. 222.) On April 15, 2016, the Court issued a Memorandum Opinion and Order granting in part Plaintiffs' Motion for Relief and Sanctions Based on Intentional Spoliation of Evidence by Defendant City of Albuquerque. (Doc. 217.) In the opinion, the Court noted that it "suspects there is a page missing from the Verizon records, because Defendant Casaus has plainly stated that he used his APD-issued cell phone to call his wife after the collision[,] . . . and yet that call does not appear on the records submitted to the Court." (*Id.* at 13–14 (citing Doc. 146, Ex. 2 at 10; 169, Ex. A).) Because of this (and for the additional reasons stated in the Court's opinion), the Court imposed sanctions ordering the City to "produce any and all documents relevant to the APD-issued

cell phone," and allowing "Plaintiffs to present evidence to the jury that Casaus had an APD-issued cell phone, he said he used it to make a phone call immediately after the collision and possibly showed evidence of the phone call to Deputy Armijo, and the Verizon records do not confirm his statement (unless more records are uncovered)." (*Id.* at 17.)

The City filed this motion for relief from the Court's order and attached the last page of the Verizon records, which the City's attorney asserts she inadvertently omitted from the original exhibit. (Doc. 222 at 2 and Ex. 1 at ¶ 6.) The attorney, Ms. Griffin, also disclosed that she gave full, un-redacted Verizon records to Plaintiffs' counsel on November 2, 2015. (Doc. 222, Ex. 1 at ¶¶ 5–6.) Plaintiffs' counsel does not oppose amending the April 15 order to reflect that the City had disclosed full, un-redacted records prior to Plaintiffs' motion for sanctions. (Doc. 224 at 1.) The City seeks relief under Rule 60(a), which allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The Court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

The Court will grant the City's motion to reconsider, but not pursuant to Rule 60(a). "Rule 60(a) may be used to correct 'what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record.'" *N.M. Ctr. on Law & Poverty v. Squier*, 131 F. Supp. 3d 1241, 1245 (D.N.M. 2014) (quoting *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 225–26 (10th Cir. 1980)). "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Id.* (quoting *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) (internal citation omitted)). "A correction should not require additional proof." *Id.* (citing *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (citing *Trujillo v.*

*Longhorn Mfg. Co.*, 694 F.2d 221, 226 (10th Cir. 1982))). "Rule 60(a) is not available to correct 'something that was deliberately done' but 'later discovered to be wrong.'" *Id.* at 1245–46 (quoting *McNickle*, 888 F.2d at 682 (internal citations omitted); citing 12 Thomas D. Rowe, Jr., Moore's Fed. Practice—Civil § 60.11(2)(b) at 60–38 (3d ed. 2013) ("Although Rule 60(a) clearly reaches errors of omission, it will not reach an omission that accurately reflects what the court decided.")).

Here, the Court intended to impose the sanctions as ordered. Reconsideration is only possible because counsel for the City submitted proof that she inadvertently omitted part of an exhibit; therefore, Rule 60(a) is inapplicable to the City's motion. Instead, the Court will grant the City's motion under its inherent authority to reconsider interlocutory orders. "The Tenth Circuit has not cabined district courts' discretion beyond what rule 54(b) provides: '[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.'" *Anderson Living Trust v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 433 (D.N.M. 2015) (quoting *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007) (internal citations omitted)).

The Court limits its reconsideration to the new evidence at hand—proof that the City has produced full, un-redacted Verizon records to Plaintiffs. The Court's April 15, 2016 order (Doc. 217) shall be amended to reflect this new evidence as follows: (1) the Court will strike the last paragraph that begins on page 13 and extends to page 14; (2) the Court will strike the first sentence of sanction (2) on page 17. The Court will file an amended opinion and order to reflect these changes.

**THEREFORE,**

**IT IS ORDERED** that Defendant City of Albuquerque's Rule 60 Motion for Relief from a Judgment or Order, and Memorandum in Support (Doc. 222) is **GRANTED IN PART** as outlined above.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**