IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES BROWDER, et al.,

    Plaintiffs,

v.                                                                 CIV 13-0599 RB/KBM

CITY OF ALBUQUERQUE, et al.,

    Defendants.

## ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO NON-PARTY VERIZON WIRELESS

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Compel Compliance with Subpoena to Non-Party Verizon Wireless (*Doc. 165*), which was filed March 3, 2016.  Although Plaintiffs have not filed a Notice of Completion in accordance with this District's Local Rule 7.4(e), the time for filing a response to the Motion has long passed, and the Court has not been advised of any agreed briefing extensions by the parties. *See* D.N.M.LR-Civ. 7.4(a) (providing that a response must be served within 14 calendar days after service of a motion and that the party who has requested an extension must file a notice identifying the new deadline).  As such, the Court considers the motion ripe for ruling, and in accordance with Local Rule 7.1(a), finds that Verizon's failure to respond to the motion within the time prescribed constitutes consent to grant the relief requested therein. The Court also notes that Defendants neither concur nor oppose the motion. *Doc. 164* at 5-6.

In their motion, Plaintiffs explain that on October 8, 2015, they served an Amended Subpoena on Verizon Wireless ("Verizon") for records related to Defendant Adam Casaus' ("Defendant Casaus') person mobile phone for February 9, 2013, and February 10, 2013. Additionally, on October 20, 2015, Plaintiffs served a Subpoena on Verizon for records related to Defendant Casaus' APD-issued mobile phone. Plaintiffs now seek an order compelling Verizon, a non-party to this action, to either provide an excuse for its non-compliance with these subpoenas or to comply with the subpoenas by producing: 1) copies of the actual bills for Defendant Casaus' APD-issued mobile phone account for February 2013; and 2) text/SMS and video/MMS details for February 9, 2013, and February 10, 2013, for Defendant Casaus' APD-issued and personal mobile phones.

Despite being advised by Verizon that it only stored call details and text message details for 365 days, Plaintiffs indicate that Verizon produced a detailed bill in November 2015, in response to an inquiry by the City of Albuquerque's purchasing department, which included "Call Details" from February 2013 for Defendant Casaus' APD-issued cell phone. Plaintiffs contend that the production in 2015 of the February 2013 Call Details suggests that, contrary to its subpoena responses, Verizon in fact maintains certain mobile phone information for more than 365 days. In further support of this contention, Plaintiffs submit excerpts of the deposition testimony of Mr. Thomas Slovinski, an expert witness on cell phone data extraction identified by both Defendants, in which he stated his belief

that Verizon kept text transmission reception information for five years. *Doc. 165*, Ex. 11, at 83:1-6.

Because Verizon's November 18, 2015 Subpoena Response indicates that it stores the same information for wireless calls and text/MMS messages, and because Verizon produced, in 2015, Call Details for Defendant Casaus' APD-issued mobile phone from February 2013, Plaintiffs reason that it must also have maintained text/MMS details for more than 365 days. Nevertheless, Verizon has failed to produce text/MMS information in response to Plaintiffs' subpoenas. Deposition testimony by Mr. Slovenski suggests that a court order, such as the one requested by Plaintiffs here, may be more productive in obtaining such information from Verizon than the subpoenas previously.  He testified that in his experience "you have to ask the right questions" in order to obtain mobile phone information from Verizon and that many carriers will now only produce information in response to court orders as opposed to subpoenas. *Doc. 165* at 83:15-24, 84:8-11.

Because Plaintiffs have made a sufficient showing that Verizon may have withheld records that it in fact maintains, the Court finds that Verizon's responses to the subpoenas issued by Plaintiffs are insufficient. As a result, the Court will order Verizon to either comply with these subpoenas by producing the information requested therein or provide an adequate excuse for its noncompliance.

Although courts are permitted under Federal Rule of Civil Procedure 45(g) to "hold in contempt a person who, having been served, fails without adequate

excuse to obey the subpoena," Plaintiffs do not request that Verizon be held in contempt. As the commentary to the 1991 Amendment to Rule 45 explains, "because the command of the subpoena is not in fact one uttered by a judicial officer, contempt should be very sparingly applied when the non-party witness has been overborne by a party or attorney." Fed.R. Civ. P. 45(e) advisory committee's note to 1991 amendment. Indeed, courts typically afford non-parties the opportunity to either comply with a subpoena or to provide an excuse for their noncompliance before entertaining the issue of contempt. *See e.g., SEC v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (vacating a contempt order where the district court did not provide the non-party with notice that it would consider the merits of the contempt issue and reasoning that it is prudent for courts to first issue an order compelling compliance with a subpoena); *Williams v. Curtis*, 12cv0716 MCA/LAM, *Doc. 128* (D.N.M. Sept. 16, 2013) (denying the defendant's motion to the extent that it asked the Court to hold a non-party in contempt for failure to respond to a subpoena but ordering the non-party to either comply with the subpoena or provide an excuse for noncompliance). Although it may be premature to hold Verizon in contempt, it is hereby given notice that its failure to comply with this Order may warrant contempt sanctions.

Wherefore**,**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Compliance with Subpoena to Non-Party Verizon Wireless (*Doc. 165*) is hereby **granted**.

**IT IS THEREFORE ORDERED** that Verizon shall, no later than **May 31, 2016**, provide an adequate excuse for its noncompliance with Plaintiffs' subpoenas or produce to Plaintiffs: 1) copies of the actual bills for Defendant Casaus' APD-issued mobile phone account for February 2013; and 2) text/SMS and video/MMS details for February 9, 2013, and February 10, 2013, for Defendant Casaus' APD-issued and personal mobile phones.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to the following addresses:

> Verizon Security Subpoena Compliance
> 180 Washington Valley Rd.
> Bedminster, NJ 07921
>
> Verizon Wireless
> c/o CT Corporation Services
> 123 E. Marcy St.
> Santa Fe, NM 87501

Dated this 11th day of May, 2016.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

5