IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES BROWDER, in his individual
capacity and as Personal Representative
of The Estate of ASHLEY BROWDER,
LINDSAY BROWDER and DONNA
BROWDER,

      Plaintiffs,

v.   No. CIV 13-0599 RB/KBM

CITY OF ALBUQUERQUE, and ADAM
CASAUS in his individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion Requesting the Court Certify as Frivolous Defendant Adam Casaus'[s] Appeal of Denial of Summary Judgment on the Basis of Qualified Immunity, filed on May 20, 2016. (Doc. 255.) Having considered the submissions of counsel and relevant law, the Court will **DENY** the motion.

### I.   Procedural Background

At issue in Plaintiffs' motion is whether Defendant Casaus's appeal of this Court's Memorandum Opinion and Order denying Casaus's assertion of qualified immunity on summary judgment is frivolous. (*See* Doc. 255.) Plaintiffs filed this lawsuit alleging, among other things, violations of Ashley and Lindsay Browder's civil rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (Doc. 1, Ex. A ¶¶ 77–92.) Defendant Casaus asserted qualified immunity in a motion to dismiss, and received an adverse ruling on his motion in March, 2014. (Docs. 20, 30.) He appealed, and the Tenth Circuit affirmed the decision of this Court. (*See* Docs. 30, 33, 42.) Defendant Casaus asserted qualified immunity again in a motion for summary

judgment after development of the record, which the Court also denied. (Docs. 172, 225.) He now seeks to appeal the Court's most recent decision denying him qualified immunity. (*See* Doc. 246.)

In his motion for summary judgment, Defendant Casaus raised two primary issues in support of his position that he did not violate Plaintiffs' constitutional rights. First, he argued Plaintiffs must establish that he was deliberately indifferent to Lindsay and Ashley specifically, not to the motoring public in general. (Doc. 172 at 13–16.) Second, he argued—as he did in his motion to dismiss—that Plaintiffs cannot demonstrate he had sufficient time to deliberate. (*Id.* at 17–18.) The Court held that Plaintiffs need only demonstrate Defendant Casaus was deliberately indifferent to the motoring public, and that he had sufficient time to deliberate under the facts in the summary judgment record. (*See* Doc. 225.)

Defendant Casaus raises eight distinct issues in his current appeal:

(1)  Whether Adam Casaus is entitled to qualified immunity.

(2)  Whether the factual record which the district court found establishes as a matter of law that Adam Casaus had a conscious deliberate indifference to an extreme risk of very serious harm to Ashley Browder and Lindsay Browder.

(3)  Whether the district court erred in its interpretation and application of *Green v. Post*, 574 F.3d 1294 (10th Cir. 2009) to the factual record which it set forth in its Memorandum Opinion and Order when it denied Adam Casaus qualified immunity.

(4)  Whether "the deliberate indifference to an extreme risk of very serious harm to the plaintiff" standard set forth in *Green*, 574 F.3d at 1303 applies specifically to an alleged violation of an individual plaintiff's substantive due process rights or applies generally to the public.

(5)    Whether it was clearly established on February 10, 2013 that "the deliberate indifference to an extreme risk of very serious harm to the plaintiff" standard set forth in *Green*, 574 F.3d at 1303 applies specifically to an alleged violation of an individual plaintiff's substantive due process rights or applies generally to the public.

(6)    Whether violation of traffic laws by a police officer is negligent use or an intentional misuse of a police vehicle for purposes of substantiating a Section 1983 action.

(7)    Whether it was clearly established on February 10, 2013 that violation of traffic laws by a police officer is negligent use or an intentional misuse of a police vehicle for purposes of substantiating a Section 1983 action.

(8)    Whether the scope and meaning of the deliberate indifference standard was clearly established on February 10, 2013.

(Doc. 265-1 at 5–6.)

## II.    Legal Standard

"Federal appellate courts possess jurisdiction to review only 'final decisions' of the district courts." *Martinez v. Mares*, No. 14-cv-0041 WJ-KBM Doc. 58 at *2 (D.N.M. Sept. 22, 2014) (citing 28 U.S.C. § 1291; *Johnson v. Jones*, 515 U.S. 304, 309 (1995)). "Nevertheless, trial court decisions denying public officials the defense of qualified immunity are immediately appealable in certain circumstances." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). "At the summary judgment stage of a claim for qualified immunity, it is generally the district court's 'exclusive job' to determine which facts a jury could reasonably find from the evidence presented to it by the litigants." *Id.* "After doing so, the district court and the Court of Appeals may then consider the abstract legal questions whether those facts suffice to show a violation of law and whether that law was clearly established at the time of the alleged violation." *Id.* at 2–3 (quoting

3

*Lewis v. Tripp*, 604 F.3d 1221 (10th Cir. 2010) (internal citation omitted) (alterations in original); *Eastern Mountain Platform Tennis Inc. v. Sherwin-Williams Co.*, 40 F.3d 492, 500 (1st Cir. 1994) ("when the district court order resolves issues of fact, not just discrete issues of law, then an interlocutory appeal is not well taken and should be certified as frivolous")).

"While an appeal from a denial of qualified immunity will normally divest a district court of jurisdiction, '[i]f the claim of immunity is a *sham* . . . the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks.'" *Id.* at 3 (quoting *Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir. 1990) (internal citation omitted); citing *United States v. Taylor*, 2009 WL 3348074, at *2 (D.N.M., Sept. 29, 2009) ("A district court may retain jurisdiction over a case when an interlocutory appeal is taken (1) if the pending matter is not involved in the appeal and (2) if the district court makes written findings that the appeal is frivolous"); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) ("An appeal is frivolous if it is 'a sham,' 'baseless,' or 'unfounded.'")). A district court generally "retains jurisdiction only over those aspects of the case not involved in the appeal" while the interlocutory appeal is pending. *Armijo v. Vill. of Columbus*, No. 08-cv-0935 MV/WPL Doc. 202 at 2 (D.N.M. Aug. 1, 2011) (citing *Stewart*, 915 F.2d at 576 ("recognizing that an interlocutory appeal based on a denial of qualified immunity divests the district court of jurisdiction over all but peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial.") (internal quotation omitted)).

### III. Discussion

#### A. Defendant Casaus's Appeal is Not Frivolous

Plaintiffs allege that Defendant Casaus relied on the same set of facts for both his motion to dismiss and his motion for summary judgment, and that because this Court and the Tenth Circuit

have already addressed the issues of deliberate indifference, qualified immunity, and whether the right at issue was clearly established, his new appeal is frivolous. (Doc. 255 at 2–4.) Defendant Casaus responds that his motion for summary judgment relied on the facts as established, rather than the facts as alleged in the complaint, and that his appeal is cognizable because he raises issues based on the Court's application of the law. (Doc. 265 at 2–7.)

The general issue before the Tenth Circuit in the previous appeal was whether Defendant Casaus's actions as alleged in the complaint could be considered conscious-shocking for purposes of bringing a substantive due process claim, and whether Plaintiffs' rights were clearly established at the time at issue. *See Browder v. City of Albuquerque*, 787 F.3d 1076, 1079–83 (10th Cir. 2015). And while the Tenth Circuit did briefly touch on Defendant Casaus's deliberate indifference to "others" based on the facts as alleged in the complaint, it did not expressly rule on the main issue Casaus presents now: whether "others" refers to the Plaintiffs in particular or to the motoring public in general. *See id.* at 1080–81. For the most part, the rest of the issues Defendant Casaus presents in his current appeal are related to this issue of deliberate indifference.[1]

It does not appear that Defendant Casaus seeks a determination of qualified immunity "solely on the basis of evidence sufficiency —'which facts a party may, or may not, be able to prove at trial.'" *Medina v. Cram*, 252 F.3d 1124, 1130 (10th Cir. 2001) (quoting *Johnson*, 515 U.S. at 313). Such a question of fact would not be reviewable. *Id.* The Court finds that Defendant Casaus's appeal, which is based on questions of law, is not frivolous.

---

[1] The Court questions whether Defendant Casaus may raise all of the issues presented in his Docketing Statement, because they may not have all been explicitly decided in the Court's opinion. For example, the Court did not specifically find that it was clearly established on February 10, 2013 that violation of traffic laws by a police officer is negligent use or an intentional misuse of a police vehicle for purposes of substantiating a Section 1983 claim. *See, e.g.*, *Estate of Bleck ex rel. Churchill v. City of Alamosa, Colo.*, 540 F. App'x 866, 877 (10th Cir. 2013) (in declining to decide a question that the district court had not considered, noting that "even as to a purely legal question, we benefit in many instances from giving the district court the opportunity to consider it first") (citations omitted).

### B. The Court Will Issue a Partial Stay

"[W]hen an interlocutory appeal is taken, the district court [only] retains jurisdiction to proceed with *matters not involved in that appeal*." *Stewart*, 915 F.2d at 576 (quoting *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (internal citation omitted)). This includes "peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial." *Id.* There are several motions and matters pending before this Court, four of which the Court can decide without affecting Defendant Casaus's rights. These include:

(1)  Defendants' Motion to Bifurcate (Doc. 191);

(2)  Plaintiffs' Amended Motion for Fees and Expenses Pursuant to the Court's Order on Plaintiffs' Motion for Relief and Sanctions (Doc. 239); and

(3)  The supplemental briefs ordered in the Court's May 10, 2016 Memorandum Opinion and Order (Doc. 242; *see also* Doc. 179): Neither Plaintiff nor the City of Albuquerque have filed their briefs, as the deadline has not yet passed, but the Court asks the parties to file them as ordered, or to seek leave for extra time to file the briefs if necessary.

(4)  Plaintiffs' Motion to Compel Production of Computer and Hard Drive Identified in Affidavit of Reynaldo Chavez and Allow Limited Additional Discovery Concerning Intentional Spoliation of Evidence by Defendant City of Albuquerque (Doc. 250): Because the evidence at issue in this motion is relevant to Plaintiffs' claims against the City, rather than against Defendant Casaus, the Court finds that in the interest of timely discovery (particularly where there has been a previous finding of spoliation), it is prudent to rule on this motion sooner rather than later. Plaintiffs will file their reply, if they so desire, within two weeks of entry of this order.

The Court may or may not issue decisions on these four matters during the pendency of the appeal. The Court will defer ruling on all *Daubert* motions until after the Tenth Circuit has decided Defendant Casaus's appeal. (Docs. 195, 197–99). Neither Plaintiffs nor the City of Albuquerque shall file any further motion, without leave of the Court, until the Tenth Circuit has ruled on Defendant Casaus's appeal.

      **THEREFORE,**

      **IT IS ORDERED** that Plaintiffs' Motion Requesting the Court Certify as Frivolous Defendant Adam Casaus'[s] Appeal of Denial of Summary Judgment on the Basis of Qualified Immunity (Doc. 255) is **DENIED**.

      **IT IS FURTHER ODERED** that the parties shall comply with the deadlines as described *supra*.

 

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**