IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES BROWDER, in his individual
capacity and as Personal Representative
of The Estate of ASHLEY BROWDER,
LINDSAY BROWDER, and DONNA
BROWDER,

       Plaintiffs,

v.                                            No. CIV 13-0599 RB/KBM

CITY OF ALBUQUERQUE, and ADAM
CASAUS in his individual capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Separate Trials, and Memorandum in Support, filed on March 31, 2016 (Doc. 191). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court will **DENY** Defendants' motion.

**I.    Background**

This case arises from a tragic traffic accident that occurred when Defendant Casaus's police vehicle collided with Plaintiff Lindsay Browder's vehicle. Plaintiffs have two claims remaining for trial against Defendant Casaus: Count I, violations of Ashley and Lindsay Browder's civil rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; and Count IV, claims under the New Mexico Tort Claims Act. Plaintiffs also have one claim remaining for trial against Defendant City of Albuquerque (the City): Count IV, claims under the New Mexico Tort Claims

Act.[1] (*See* Docs. 1, Ex. A (Compl.) ¶¶ 77–135.) Defendants filed a joint motion to bifurcate the trial, which is now ripe and ready for review.

## II.     The Law on Bifurcation

A court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b). Courts have "broad discretion in deciding whether to sever issues for trial[,] and the exercise of that discretion will be set aside only if clearly abused." *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985) (citations omitted). "The bifurcation of issues is appropriate 'if such interests favor separation of issues and the issues are clearly separable.'" *Walker v. THI of N.M. at Hobbs Ctr.*, No. CIV 09-0060 JB/KBM, 2011 WL 2729195 at *2 (D.N.M. July 1, 2011) (quoting *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003) (quoting *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993))). "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Id.* (citing *Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 194 (10th Cir. 2004)). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.* (quoting *Angelo*, 11 F.3d at 964).

## III.    Discussion

Defendants jointly move to bifurcate Plaintiffs' claims into two trials: the first trial would deal with the claims against Defendant Casaus, the second trial would deal with the claim against the City. (*See* Doc. 191 at 1–2.) Defendants make several arguments in favor of bifurcation. First, Defendants contend that Plaintiffs' claims against the City are dependent upon whether a jury first

---

[1] The parties jointly dismissed the claims in Count II and the negligent hiring and training claims in Count III. (*See* Doc. 216.) The Court granted the City's motion for partial summary judgment and dismissed the remaining claims for negligent supervision and retention in Count III. (*See* Doc. 243.)

assesses liability against Defendant Casaus. (*Id.*) In Count IV, Plaintiffs allege that Defendant Casaus is liable under Section 41-4-12 of the New Mexico Tort Claims Act. Section 41-4-12 "waives immunity for liability for" violations of federal or state constitutional rights "committed by police officers acting within the scope of their duties." *Narney v. Daniels*, 846 P.2d 347, 354 (N.M. Ct. App. 1992) (citing N.M. Stat. Ann. §41-4-12 (1978)). The New Mexico Supreme Court has held that "the doctrine of respondeat superior extends liability to the public entities that have supervisory control over the tortious actors." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 916 P.2d 1313, 1318 (N.M. 1996) (citing *Silva v. State*, 745 P.2d 380, 385 (N.M. 1987) ("noting that a public entity can only act through its employees"); *Cal. First Bank v. State*, 801 P.2d 646, 651–52 (N.M. 1990) ("applying the doctrine of respondeat superior to hold county vicariously liable for actions of sheriff's deputies under Tort Claims Act")). The jury will first need to assess liability against Defendant Casaus for one of the enumerated torts in Section 41-4-12, Defendants argue, before the jury can consider whether the City should be held vicariously liable.

Because a trial against the City will be unnecessary if the jury finds no liability under Section 41-4-12 against Defendant Casaus, Defendants believe that bifurcation will serve the interests of judicial economy. (Doc. 191 at 5–6.) Defendants further contend that Plaintiffs will try to admit evidence concerning other unrelated complaints, claims, or incidents involving Defendant Casaus or other officers (including violations of policies and procedures Defendant Casaus may have committed prior to the accident), as well as the findings from the internal affairs investigation. (*Id.* at 3–4; *see also* Doc. 234 at 2.) Such evidence, says Defendants, will be relevant to the claim against the City, but it will be irrelevant, unfairly prejudicial, and inadmissible against Defendant Casaus. (Docs. 191 at 4; 234 at 2–3.)

Plaintiffs believe bifurcation is unnecessary. (*See* Doc. 209.) Plaintiffs agree that they may offer evidence of past violations of rules and procedures and findings from the internal affairs investigation, not to prove the commission of any constitutional violation, but to shed light on the conduct of Defendant Casaus and as admissions of a party opponent. (*Id.* at 8–9 (citing Fed. R. Evid. 401(a)–(b), 801(d)(2)).)

Defendants have failed to demonstrate that bifurcation is necessary. The Court declines to make any specific findings about the admissibility of evidence, as those issues are not properly before the Court or ripe for review. The Court finds, however, that the evidence is not so complex or confusing in this case as to warrant separate trials. "[T]he Court has a number of measures available that can prevent unfair prejudice to defendants and that are less burdensome than separate trials. These measures include cautionary warnings, limiting instructions, and other instructions to the jury." *Shane v. Killinger*, No. 01-cv-00194 MCA/WWD, Doc. 132 at *30 (D.N.M. Mar. 31, 2003) (citation omitted). "Such measures can and will be utilized at trial if necessary to prevent or minimize any claimed prejudice to the City." *Id.* at 30–31. Defendants' motion for separate trials is denied.

**THEREFORE,**

**IT IS ORDERED** that a decision on Defendants' Motion for Separate Trials, and Memorandum in Support (Doc. 191) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

4